UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANK WEBER, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) )  Case No. 4:11CV429 CDP |
| ROBERT CARMONA, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Frank Weber, Aaron Weber, and Rachel Sharp died after their car was struck by a freightliner owned by Eastland Express and operated by Robert Carmona. In Count II of this wrongful death action, plaintiffs bring claims against Eastland for vicarious liability, negligent hiring, negligent entrustment, negligent training, negligent supervision, and negligence per se. Because Eastland admitted that Carmona was acting within the scope and course of his employment when the accident occurred, Eastland now moves for dismissal of plaintiffs' claims for imputed liability. For the reasons stated below, the motion to dismiss will be denied.

In ruling on a motion to dismiss, I must view the allegations in the complaint liberally and in the light most favorable to plaintiffs. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citation omitted). Additionally, I "must accept

the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiffs' complaint "requires more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." Id. at 555.

Eastland cites McHaffie v. Bunch, 891 S.W.2d 822, 826 (Mo. 1995), in support of its argument that "plaintiffs' claims of direct negligence against Eastland should be dismissed because it is improper in a motor vehicle accident to allow a plaintiff to proceed against an employer on any theory of imputed liability once *respondeat superior* liability has been admitted." While plaintiffs do not dispute that this is the law in Missouri, they point out that McHaffie also provides that "it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee. In addition, it is also possible that an employee or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee." Id. Applying McHaffie, other courts in this district have noted that "an employer may be liable for negligent hiring or negligent retention of

an employee where the employer knew or should have known of the employee's dangerous proclivities and the employer's negligence was the proximate cause of the plaintiff's injury." Jackson v. Wiersema Charter Service, Inc., 2009 WL 1310064, *2 (E.D. Mo. May 11, 2009) (quoting Miller v. Crete Carrier Corp., 2003 WL 25694930, *4 (E.D. Mo. Aug. 7, 2003)).

Here, the motion to dismiss will be denied because plaintiffs seek punitive damages from Eastland and their complaint sufficiently alleges negligent hiring and entrustment against Eastland at this stage of the litigation. Plaintiffs do not simply claim that Eastland should be liable for the negligence of Carmona. Rather, plaintiffs allege that Eastland's independent, negligent actions could result in punitive damages. Finally, even if plaintiffs were precluded from pursuing their negligent hiring and entrustment claims against Eastland under McHaffie, the motion to dismiss would still be denied because plaintiffs are not precluded from pleading alternative theories of relief. See Sargent v. Justin Time Transportation, L.L.C., 2009 WL 4559222, *2 (E.D. Mo. Nov. 30, 2009) (denying motion to strike claims for negligent hiring, supervision, and retention under McHaffie where plaintiffs also alleged *respondeat superior* liability because Fed. R. Civ. P. 8 allows parties to plead inconsistent theories of recovery, and plaintiffs should be afforded opportunity to conduct discovery before choosing which legal theory to submit).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#20] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2011.